**FILED**

9:31 am Aug 27 2025

Clerk U.S. District Court
Northern District of Ohio
Cleveland

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO**

JOHN GILLESPIE,                )        CASE NO. 1:25 CV 1562
                                )
            Relator,            )        JUDGE   DAN   AARON   POLSTER
                                )
    v.                          )
                                )
O.D.R.C., *et al.*,             )        MEMORANDUM OF OPINION
                                )        AND ORDER
                                )
                                )
            Respondents.        )

John Gillespie ("Relator"), an Ohio prisoner incarcerated in the Mansfield Correctional

Institution proceeding *pro se*, filed this action seeking a Writ of Mandamus against the Ohio

Department of Rehabilitation and Correction ("ODRC"), ODRC's Record Keeper K. Plank, and

"sub contracted company Global Tel Link & Via Path Staff" (collectively "Respondents.")  (Doc.

No. 1.)  In his Petition, Relator seeks mandamus relief on the basis that he submitted a valid public

records request on July 3, 2025, which has not been fulfilled.  He contends this violates Ohio Rev.

Code § 149.43(B)(1), which governs the production of public records, and he seeks an order

compelling Respondents to provide him the requested records.

Federal courts are courts of limited jurisdiction and "have a duty to consider their subject

matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis

of Kentucky, Inc. v. Creation Ministries Intern., Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009). "If the court

determines at any time that it lacks subject-matter jurisdiction, [it] must dismiss the action."  Fed.

R. Civ. P. 12(h)(3).

The Court finds that this action must be dismissed for lack of federal subject-matter

jurisdiction.  Ohio Rev. Code § 149.43(C)(1) expressly sets out the remedy for an alleged failure of a person responsible for public records to comply with a records request in Ohio.  The statute provides that an aggrieved person may either file a complaint "with the [Ohio] clerk of the court of claims or the court of common pleas under section 2743.75 of the Ohio Revised Code," or "commence a mandamus action to obtain a judgment that orders the public office or person responsible for the public record to comply."  Ohio Rev. Code § 149.43(C)(1)(a) and (b).  And the statute expressly states where the mandamus action may be brought:

> The mandamus action may be commenced in the court of common pleas of the county in which division (B) of this section allegedly was not complied with, in the supreme court pursuant to its original jurisdiction under Section 2 of Article IV, Ohio Constitution, or in the court of appeals for the appellate district in which division (B) of this section allegedly was not complied with pursuant to its original jurisdiction under Section 3 of Article IV, Ohio Constitution.

Ohio Rev. Code § 149.43(C)(1)(b).

Accordingly, under the statute, this federal court lacks jurisdiction to order Relator the mandamus relief he seeks.  Rather, Relator must seek such relief in the state courts as provided by the statute.  He has not established a basis for federal subject-matter in this case.  *See, e.g., Glaze v. Horton*, No. 4: 24 cv-1815, 2025 WL 359299, at *1 (N.D. Ohio Jan. 31, 2025) (dismissing for lack of subject-matter jurisdiction *pro se* action seeking mandamus relief for alleged violation of Ohio Rev. Code § 149.43).

### Conclusion

Accordingly, this action is dismissed for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3).  This dismissal is without prejudice to any claims Plaintiff may assert in state court on the alleged facts.  The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an

appeal from this decision could not be taken in good faith.

       IT IS SO ORDERED.

_____
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE